[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-11754

Non-Argument Calendar

_____

RICHARD MORRISON,

Plaintiff-Appellant,

*versus*

CCA CORR - CIVIL,
Coffee's Private Prison,
SECRETARY OF STATE FOR THE STATE OF GEORGIA,
U.S. ELEVENTH CIRCUIT COURT OF APPEALS,
DEPARTMENT OF ADMINISTRATIVE SERVICES,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:20-cv-00238-HL-TQL

———————————

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Richard Morrison, a prisoner currently incarcerated at the Wilcox State Prison in Abbeville, Georgia, appeals *pro se* the district court's denial of his motion for reconsideration and dismissal of his writ of mandamus without prejudice. Morrison argues that the district court violated his constitutional rights to due process and equal protection in large part by failing to inform him of the court's filing fees before dismissing his claims for failure to state a claim upon which relief may be granted. Finding no error in the district court's decision, we affirm.

Morrison filed a writ of mandamus requesting that the district court compel this Court and the Georgia Secretary of State to foreclose on commercial liens and outstanding debts allegedly owed by the Department of Administrative Services and Core-Civic. Initially, he paid a portion of the district court's filing fee. He then filed over a dozen motions, prompting the district court to order him to pay the remainder of the filing fee and recast his claims in a single complaint. Morrison paid the balance of the fee but otherwise failed to comply with the order, so the district court eventually dismissed his claims with prejudice.

We review a district court's decision to dismiss a prisoner's complaint for failure to state a claim *de novo*. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

The Prison Litigation Reform Act requires district courts to screen prisoner-filed complaints that seek redress from a government entity, officer, or employee. 28 U.S.C. § 1915A(a). *Pro se* pleadings, including those filed by prisoners, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quotation omitted). However, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). A claim is frivolous under the Act if it lacks an arguable basis either in law or in fact. *Miller*, 541 F.3d at 1100. Thus, when conducting a preliminary screening, "wildly implausible allegations in the complaint should not be taken to be true, but the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations." *Id.*

Morrison's claims were properly dismissed. None of the allegations in his filings are remotely plausible. For example, he contends that an unspecified party created and sold bonds in his name for "vast profitable monetary gains of millions and millions" of dollars. Based on this allegation alone, he asked the district court to

enter judgment in his favor for over $200,000,000. Under these circumstances, the district court was not required to accept Morrison's allegations as true. *Miller*, 541 F.3d at 1100. Further, to the extent Morrison contends that the district court erred by requiring him to pay a filing fee, that issue is moot because he paid the fee.

AFFIRMED.